# SUPREME COURT,

## STATE OF KANSAS.

# JANUARY TERM, 1884.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE,
Hon. DAVID J. BREWER,* } Associate Justices.
Hon. THEODORE A. HURD,†

---

### FRANK O. BATES v. JAMES A. McCONNELL.

Justice's Court; *Proceedings Irregular, but not Void.* A judgment was rendered by a justice of the peace against the defendant in his absence, and within five days thereafter the defendant appeared in the justice's office and filed all the papers necessary for the purpose of setting aside the judgment under § 114 of the justices code, which papers included a motion to set aside the judgment, an offer to confess judgment for all the costs in the case, and an affidavit that he had a just and valid defense to the plaintiff's action. The justice was absent, but another justice of the peace who was present at the time marked the papers filed, and entered an order setting aside the judgment and fixing a time for the trial of the case. The defendant and his attorneys then left the office, and soon thereafter the justice of the peace came in, and finding the papers and the entry on his docket, ratified the same and made another entry rendering judgment in favor of the plaintiff and against the defendant on the confession of the defendant for all the costs in the case. *Held*, That although these proceedings were to some extent irregular, still that they were not void.

*Error from McPherson District Court.*

NOVEMBER 9, 1883, the district court affirmed a certain judgment of a justice of the peace in favor of *McConnell* and against

---

*Resigned, April 9, 1884. The opinions in the first three cases reported in this volume —*Bates v. McConnell, Burkhalter v. Jones,* and *The State, ex rel., v. Foster*—were filed at the April session, 1884, and before the resignation of Judge BREWER.

† Appointed by the Governor, April 12, 1884, to succeed Judge BREWER.

*Bates.* This affirmance *Bates* brings here for review. All necessary facts and proceedings are stated in the opinion.

*M. A. Thompson,* for plaintiff in error.

*Simpson & Bowker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On September 28, 1883, the plaintiff in this case, Frank O. Bates, in the absence of the defendant, James A. McConnell, obtained a judgment against the defendant before E. M. Clark, a justice of the peace of McPherson township, McPherson county, for the sum of $69.55, and costs taxed at $6.45. On October 3, 1883, the defendant undertook to open this judgment by a proceeding under § 114 of the justices act. Not finding the justice of the peace in his office, the defendant applied to C. F. Nichols, a justice of the peace of the same township, to attend to the matter for him. There was an understanding between the two justices that either might perform the duties of the other in the absence of the other. Justice Nichols therefore received the papers presented by the defendant, and indorsed and marked them filed in the office of Justice Clark, and Justice Nichols also made the following entry in the docket of Justice Clark: "Affidavit filed October 3, 1883, to open the above judgment. The above judgment is opened, and the 30th day of October, at 2 o'clock, set for hearing the case.— C. F. NICHOLS, J. P." Justice Clark was in his township at the time, and in the town where his office is situated, but was not in his office. About the middle of the afternoon of that day, Justice Clark, coming into his office and finding the entry made in his docket by Justice Nichols, and also finding the papers filed by the defendant in his absence, proceeded to enter up a judgment against the defendant for costs, which judgment reads as follows:

"It is therefore considered and adjudged that the plaintiff have and recover of the defendant the amount of $6.45, the costs adjudged against the defendant in this action, together with the cost of rendering and entering judgment, taxed herein at fifty cents.— E. M. CLARK, J. P."

This was all done in the absence of both the parties and their attorneys. A day or two afterward, the justice met one of the attorneys for the defendant, who, after being informed as to what had been done, said it was all right, so far as they were concerned. On October 30, 1883, which was the day set for the trial of the case, the plaintiff and his attorneys appeared before Justice Clark and filed a motion in writing to quash the proceedings had with reference to the opening up of the said judgment, and to dismiss the further hearing of the case. This motion was overruled by the justice of the peace. A trial was then had before the justice, and on November 1, 1883, a judgment was rendered in favor of the plaintiff and against the defendant for $44.80, and costs, taxed at $7.70. An appeal bond was then filed by the defendant and approved by the justice of the peace. On November 6, 1883, the justice of the peace allowed a bill of exceptions to the plaintiff, showing all the proceedings, not otherwise of record, with reference to the opening up of the original judgment in the case. The plaintiff then took the case to the district court on petition in error, and alleged as grounds for error the foregoing proceedings had with reference to the opening up of said judgment, and the order of the justice of the peace in overruling the plaintiff's motion to quash such proceedings. The district court affirmed the rulings and judgment of the justice of the peace, and the plaintiff then brought the case to this court upon petition in error. In this court he assigns for error the foregoing decision of the district court in affirming the proceedings and judgment of the justice of the peace.

The only question involved in this case is, whether the proceedings had to open up the original judgment rendered in this case by Justice Clark were so irregular as to be void. The only irregularities urged by the plaintiff as rendering such proceedings void, are the following: (1.) It is claimed that the written offer to confess judgment was signed by the attorneys for the defendant, and not by the defendant himself. (2.) It is claimed that when the papers were filed in the office of Justice Clark, and when the first order was made with

reference to opening up the judgment which was made by Justice Nichols, the real justice of the peace having jurisdiction of the case, to wit, Justice Clark, was not present. (3.) When the judgment was rendered upon the defendant's offer to confess judgment, neither the defendant himself nor either of his counsel was present. The paper, including the motion to open up and set aside the original judgment and the offer to confess judgment for costs, reads as follows:

"*Before E. M. Clark, a Justice of the Peace of McPherson Township, in McPherson County, State of Kansas.*

"FRANK O. BATES, *Plaintiff, v.* J. A. McCONNELL, *Defendant.*—And now comes the said defendant, J. A. McConnell, and moves the court to set aside the judgment in the above-entitled action, rendered against him in his absence, on the 28th day of September, 1883, for reasons set forth in affidavit filed herewith, and hereby confesses judgment for the sum of $6.45, the costs in said cause, and asks that the trial be set for the 30th day of October, 1883, at 2 P. M.

SIMPSON & BOWKER,
*Attorneys for Defendant.*"

The affidavit was subscribed and sworn to by the defendant himself, and the defendant himself was present when these papers were filed in the office of Justice Clark. It must be confessed that the proceedings had in this case for the purpose of opening up or setting aside the original judgment rendered in this case were to some extent irregular; but still we do not think that the irregularities are so great as to render the proceedings void. On October 3, 1883, the defendant, with his attorneys, went to the office of Justice Clark with the intention of having the judgment, which had previously been rendered against the defendant, set aside under § 114 of the justices code, and of having judgment rendered against the defendant by confession for all the costs of the case; and all the necessary papers therefor were filed in the case and filed in Justice Clark's office, and an order was made on the justice's docket that the judgment should be opened up and the case set for trial on October 30, 1883. The only irregularity up to this time was the absence of the justice from his office; but the justice in a few

hours came into his office, found the entry on his docket, found the papers filed in his office, and ratified all that was done, and made the further entry of judgment by confession for all the costs that had accrued in the case; and the only irregularity in this latter proceeding was the absence of the defendant and his attorneys; but all the necessary papers authorizing the justice to perform the acts which he did perform were then on file in his office, and the justice simply acted upon these papers. We do not think that the personal presence of the defendant is absolutely necessary in such cases; nor do we think that § 402 of the civil code or § 5 of the justices code governs in such cases. Under those sections, it is probably necessary for the defendant to make a personal appearance, in order to give the court jurisdiction of the person and of the subject-matter of the action; but in cases like the present such a thing for such a purpose is not necessary, for the court had previously obtained jurisdiction of both the parties and of the subject-matter of the action.

The judgment of the court below will be affirmed.

All the Justices concurring.